**In re COBLE et ux.**

No. 18621.

District Court, E. D. Pennsylvania.

August 28, 1935.

John N. Landberg, of Philadelphia, Pa., for debtors.

Z. N. Diamond, of Baltimore, Md., for Federal Land Bank of Baltimore.

Martin E. Musser, of Lancaster, Pa., for conciliation commissioner, pro. per.

DICKINSON, District Judge.

A ruling on this motion has been withheld awaiting a copy of the Act of Congress amending the act under which this petition was filed. Assuming, however, that proceedings under the original act are saved by the new act, it may be a saving of time to dispose of the present motion. Notwithstanding the truth that if the proceedings are at an end the question raised has become moot it may be answered.

The petitioner for the rule before us is desirous to have the proceedings go on to a conclusion as otherwise it is hampered in the enforcement of its claims against the debtors.

There are really three reasons for halting the proceedings. One is there is pending in the Circuit Court of Appeals the question of the propriety of the conciliation commissioner acting as such. Another is the changes which have been made in the provisions of section 75 which cannot conveniently be known until the publication of the recently passed act. A third is that the commissioner has required an indemnity against costs and expenses which neither the debtors nor the creditors will provide. If the commissioner is required to go on with a proceeding, he will be obliged to incur the preliminary expense of advertising and other things which in the aggregate in the pending cases will reach a sum, the payment of which may be heavy. It may be that the only way of raising the question is to follow the practice in bankruptcy proceedings. This would be by having the commissioner make the order on some one for the indemnity, which order, when made, would be subject to review as in the case of other orders. No such order has been made as yet. There has been merely the intimation given to the petitioner that such indemnity would be required. In its absence the question sought to be raised is not before us. However, as it has been brought to our attention, and as all the parties concerned have asked for a ruling upon it, we give our views, although they may be in legal effect no more than the expression of an opinion. In ordinary bankruptcy proceedings, it is the unquestioned practice to require indemnity. Under the general orders, the referee may make the order and determine who shall supply the indemnity.

It is to be remarked, however, that section 75, as well as other later sections introduced, have in them the element of a public policy. Doubtless in deference to this, section 75, with its amendments (11 U.S.C.A. § 203), allows to the commissioner a certain sum "to be paid out of the Treasury." This would seem to mean that the United States bears the expense of the compensation of the commissioner as its contribution toward the enforcement of the public policy which is an element in the act. There is in consequence assurance of the payment, and it would follow that further indemnity could·not be required.

■ Since writing the above, we have had access to the amended act. Under its provisions, the compensation of the commissioner is paid out of the Treasury, but the provision as to the expenses which was in the original act (47 Stat. 1470) is not in the provision as amended (11 U.S.C.A. § 203 (b). This would mean that the expenses are not paid out of the Treasury, and it follows that indemnity could be exacted for this. If, however, a deposit is made by some party interested in the proceeding, this would not dispose of the other reasons for withholding action at the present time.

■ We think the commissioner was exercising a proper discretion in withholding further action until the question of his right to exercise the duties of the office of conciliation commissioner is determined.

This means that the motion before us should be denied, with leave to renew it later, if necessary.

Motion denied.